IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**MICHAEL LEWIS**                                                                                    **PLAINTIFF**

**v.**                                                                                     **No. 3:25-CV-67-MPM-RP**

**TUNICA 11562 LLC, et al.**                                                                     **DEFENDANTS**

### ORDER DENYING MOTION FOR ENTRY OF DEFAULT

This matter is before the court on the plaintiff's Motion for Entry of Default. ECF 11. The plaintiff Michael Lewis requests an entry of default as to the defendants Tunica 11562 Manager, LLC, Tunica 11562, LLC, and GRJ, LLC pursuant to Federal Rule of Civil Procedure 55(a), which provides for the entry of a party's default where it is shown by affidavit or otherwise that the party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend. The court finds that the plaintiff's motion is not well taken and should be denied.

The plaintiff brought this action against the defendants Tunica 11562 LLC, Tunica 11562 Manager LLC, GRG, LLC, and Corsair Management, LLC seeking recovery for injuries the plaintiff allegedly sustained when he fell from the porch balcony of an apartment. In his motion for entry of default, the plaintiff asserts that the defendants Tunica 11562 Manager, LLC, Tunica 11562, LLC, and GRJ, LLC have failed to plead or otherwise defend against the complaint after having been served with process. However, it does not appear to the court that any of the subject defendants has been properly served with process.

Where service is to be made in a judicial district of the United States, Federal Rule of Civil Procedure 4(h)(1) provides that a corporation or other unincorporated association that is subject to suit under a common name, must be served:

(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

(B) by delivering a copy of the summons and of the complaint to an officer, a managing or

>general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

Under Rule 4(e)(1), service of process may be effectuated by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is to be made."

In the present case, the plaintiff purports to have served process on the defendants Tunica 11562 Manager LLC and Tunica 11562 LLC by certified mail at an address in Madison, Mississippi. However, there is no applicable rule in the Federal Rules of Civil Procedure permitting service of process by certified mail, and although Mississippi Rule of Civil Procedure 4(c)(5) permits service of process by certified mail on a person outside the state, that rule does not permit service by certified mail on a person inside the state. *See also Holmes v. All American Check Cashing, Inc.*, No. 2:11CV007-B-A, 2014 WL 988964, at *2 (N.D. Miss. Mar. 13, 2014) ("Mississippi law does not allow service by certified mail on an in-state defendant.") (citing *Triple C. Transport, Inc. v. Dickens*, 870 So.2d 1195, 1198 (Miss. 2004)). As such, the court finds that the plaintiff has not properly served these two defendants.

As to the defendant GRG, LLC, the plaintiff purports to have served it with process by certified mail at an address in New York, New York. However, although Mississippi Rule of Civil Procedure 4(c)(5) permits service of process by certified mail on a person outside the state, when that person is a foreign corporation as the plaintiff's complaint alleges this defendant to be, the certified letter "must be properly addressed to the person authorized to receive process on behalf of the corporation and actually delivered to that address." *Flagstar Bank, FSB v. Danos*, 46 So.3d 298, 303 (Miss. 2010). The plaintiff's certified letter to GRC, LLC did not meet this requirement, as it was addressed to the LLC only and not to a person authorized to receive process on its behalf. Further,

under the state law of New York, where service on GRC, LLC was purportedly made, service of process on an LLC by certified mail is not permitted. *Bass v. Pershing*, No. 25-cv-2478 (JGK), 2025 WL 1224221, at *2 (S.D.N.Y. April 24, 2025) (citing N.Y. CPLR § 311 and N.Y. LLC L. § 303). The court finds that the plaintiff has not properly served this defendant.[1]

Because the plaintiff did not properly serve process on the defendants Tunica 11562 Manager, LLC, Tunica 11562, LLC, and GRJ, LLC, those defendants had no obligation to plead or otherwise defend against the plaintiff's complaint. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999) ("An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under the court's authority, by formal process."). As such, the entry of default as to these defendants is improper and the plaintiff's motion should be denied.

For these reasons, the plaintiff's Motion for Entry of Default is DENIED.

**SO ORDERED**, this the 24th day of July, 2025.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE

---

[1] The plaintiff's purported service of process by certified mail on the defendant Corsair Management, LLC at an address in New York, as set forth in the proof of such service recently docketed in this matter at ECF 12, suffers from the same defects.